IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS MITCHELL | : | CIVIL ACTION |
| v. | : | |
| DAVID PITKINS, *et al*. | : | No. 10-294 |

# REPORT AND RECOMMENDATION

CAROL SANDRA MOORE WELLS  April 14, 2010
UNITED STATES MAGISTRATE JUDGE

Presently before this court is a Petition for a Writ of Habeas Corpus filed, *pro se*, pursuant to 28 U.S.C. § 2254. Dennis L. Mitchell, ("Petitioner"), is currently incarcerated at the State Correctional Institution-Laurel Highlands located in Somerset, Pennsylvania. He seeks habeas relief based on claims that allege lack of jurisdiction, violation of due process, a savings clause deficiency in the Pennsylvania state constitution, unlawful confinement, denial of a grand jury indictment, and the unconstitutionality of Pennsylvania rules of court and rules of criminal procedure. The Honorable Paul S. Diamond referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Petitioner's habeas claims be DISMISSED without a hearing.

## I. BACKGROUND AND PROCEDURAL HISTORY[1]

### A. Facts and Procedural History

On March 9, 2008, Petitioner was charged in Bucks County with multiple counts of Delivery of a Controlled Substance and/or Possession with Intent to Deliver a Controlled Substance, Criminal

---
[1]The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition ("Pet.") (Document No. 1), Petitioner's Petitio L'Breve d' Habeas Corpus Ad Subjiciendum ("Pet'r Brief"), the Answer ("Ans.") (Document No. 4), inclusive of all exhibits thereto, Petitioner's Answer to Opposition of Karen A. Diaz Bucks County District Attorney (Document No. 6), and the state court record.

Conspiracy, and Criminal Use of a Communication Facility. Ans. at 6. The Commonwealth alleged, with supporting evidence from a confidential informant, that Petitioner engaged in a conspiracy with his niece, Heather Sentner, to sell Petitioner's prescription Ritalin, Oxycodone, and Percocet. *Id.* at 9. Petitioner stored his excess medication and arranged to deliver it to his niece who would then sell the drugs. *Id.* at 9-10.

On October 8, 2008, Petitioner entered a negotiated guilty plea to all charges. Ans. at 7. Pursuant to the plea bargain, the Commonwealth did not seek the mandatory sentences, which would have resulted in a minimum sentence of eighteen years. *Id.* Instead, the Honorable John J. Rufe imposed the agreed upon sentence of five to ten years that same day. *Id.*

Petitioner failed to file a direct appeal. Ans. at 7. He did, however, file a *pro se* petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA petition"),[2] on September 14, 2009, in the Bucks County Court of Common Pleas. *Id.* In his PCRA petition, Petitioner claimed that his plea counsel was ineffective for failing to: (1) make a *Miranda*[3] challenge regarding his statements to police; and (2) challenge the police stop. *Id.*

On September 22, 2009, the court appointed Ronald Elgart, Esq. as Petitioner's PCRA counsel. Ans. at 7. Mr. Elgart filed a *Finley*[4] letter, indicating that Petitioner's claims lacked merit, and seeking permission to withdraw as counsel. *Id.* In accordance with Mr. Elgart's letter, the court filed a Notice of Intent to Dismiss the PCRA Petition on December 16, 2009. *Id.* at 8. On February 12, 2010, the court denied the PCRA petition without a hearing. *Id.*

---

[2] 42 Pa. Cons. Stat. Ann. §§ 9541-9546 (2007).
[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).
[4] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1988) (*en banc*).

Petitioner filed the instant habeas petition, on January 14, 2010,[5] and challenged his conviction based on: (1) jurisdiction, (2) due process, (3) savings clause, and (4) unlawful confinement. Pet. at 9. In a document he filed along with his petition, Petitioner asserted additional claims that: (5) he was denied a grand jury indictment, and (6) the court rules and procedural rules applied in his prosecution were enacted in violation of the federal constitution. Pet'r Brief at [2]. The basis for each of these claims is further discussed below.

**B. Petitioner's Claims**

Petitioner, in his habeas corpus position, essentially asserts that there are defects in the current Pennsylvania state constitution as well as in the state criminal code. Initially, Petitioner argues that the current constitution of 1968 is invalid because Pennsylvania's original constitution of 1776 did not allow for later amendments or revisions. Pet'r Brief at [3]. Petitioner further contends that, since the Pennsylvania state government is operating under an invalid constitution, any jurisdiction exercised by the state's courts is likewise invalid. *Id.* Petitioner also argues that neither the 1874 nor the 1968 Pennsylvania constitution provided for the enactment of a criminal code. *Id.* at [6].

Moreover, Petitioner contends that the lack of a savings clause in the 1968 constitution resulted in the repeal of all state laws in force at the time of its ratification. Pet'r Brief at [8]. According to Petitioner, any state criminal statutes under which he was charged are, consequently, invalid, and require habeas relief. *Id.*

Next, Petitioner seeks habeas relief, because he was convicted without a preceding grand jury

---

[5] Petitioner's application was received on January 22, 2010. Because Petitioner is a *pro se* inmate, his petition must be deemed filed on the date he gave it to prison officials for mailing. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Petitioner signed the petition on January 14, 2010. Pet. at 12. Absent evidence to the contrary, the court will consider the petition filed on this earlier date.

3

indictment. Pet'r Brief at [2]. Petitioner claims that he was entitled to a grand jury indictment under Pennsylvania law, and denied this right by the state. Addendum B to Pet'r Brief at 12. Finally, Petitioner contends that the state criminal procedural rules applied in his prosecution were enacted in violation of the federal constitution. Pet'r Brief at [2]; Addendum A to Pet'r Brief at 2-3; Addendum B to Pet'r Brief at 7.

The Commonwealth of Pennsylvania ("Respondent") counters that Petitioner's claims, unexhausted and procedurally defaulted, should be dismissed. Ans. at 13. This court determines that all but one of Petitioner's claims are not cognizable and should be dismissed. Petitioner's sole cognizable claim is procedurally defaulted and should be dismissed as well.

## II. DISCUSSION

The habeas statute provides that a federal court cannot entertain a habeas petition on any grounds other than that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, the United States Supreme Court has held that federal courts cannot grant habeas relief based on violations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rather, in evaluating the alleged grounds for relief in a habeas corpus petition, the court is limited to federal bases for relief. *Id.* at 68. Moreover, the Third Circuit has indicated that alleged violations of a state constitution are not cognizable in a federal habeas petition. *Reinert v. Larkins*, 379 F.3d 76, 94 n. 4 (3d Cir. 2004).

While Petitioner's claims and arguments are certainly novel, except for his challenge to Pennsylvania court rules and rules of criminal procedure, they are indisputably based on his premise that the Pennsylvania State Constitution and laws promulgated pursuant to it are invalid, based on state law principles. Petitioner has not alleged that his conviction or imprisonment directly violates

4

any provision of the Constitution or laws of the United States in claims one (1) through five (5). Accordingly, these non-cognizable claims, based entirely on perceived errors in state law must be dismissed with prejudice. *Estelle*, 502 U.S. at 68; *Reinert*, 379 F.3d at 94 n. 4.

Petitioner does assert, in claim six (6), that the court rules and criminal rules of procedure applied to him violate numerous provisions of the federal constitution. This federal constitutional claim is cognizable. *See* 28 U.S.C. § 2254(a). However, Petitioner did not raise this claim on direct appeal or in his PCRA petition. *See supra* p. 2. Hence, the claim is unexhausted. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004) (explaining that, to exhaust state remedies, a Pennsylvania inmate must present his federal claim to the trial court and then Superior Court). Petitioner's failure to exhaust also means his claim is procedurally defaulted because the PCRA statute of limitation has expired for him.[6] *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001). Petitioner has neither alleged cause and prejudice to excuse his default nor demonstrated that he is actually innocent; hence, the claim cannot be reviewed on its merits. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. CONCLUSION

Petitioner's claims one through five are grounded in state-law and; therefore, are not cognizable by a federal habeas court. His one cognizable claim is unexhausted and procedurally defaulted. Further, reasonable jurists would not debate the appropriateness of this court's procedural disposition of his claims; therefore, a certificate of appealability should not issue. *See Slack v.*

---

[6] Petitioner was sentenced on October 8, 2008, and he did not file a direct appeal. The time to file a direct appeal expired on November 7, 2008. *See* Pa. R. App. P. 903(a). On that date, the PCRA statute of limitations began to run. *See* 42 Pa. Cons. Stat. Ann. § 9545(b)(1), (3). It expired one year later on November 7, 2009. *See* § 9545(b)(1). Although Petitioner might allege that his claim is based on new evidence or new law, *see* § 9545(b)(1)(ii), (iii), the basis for his claim is based on neither since he does not rely on new evidence and the case law he cites pre-dates his conviction.

*McDaniel*, 529 U.S. 473, 484 (2000). Accordingly I make the following:

### RECOMMENDATION

AND NOW, this 14th day of April, 2010, for the reasons contained in the preceding report, it is hereby RECOMMENDED that all of Petitioner's claims be DISMISSED, without an evidentiary hearing. Petitioner has neither demonstrated that any reasonable jurist could find this court's procedural ruling debatable, nor shown a denial of any federal Constitutional right; hence there is no probable cause to issue a certificate of appealability.

Petitioner may file objections to this Report and Recommendation within fourteen (14) days of being served with a copy of it. *See* Local R. Civ. P. 72.1(IV). Failure to file timely objections many constitute a waiver of any appellate rights.

It be so **ORDERED**.


    /s/ Carol Sandra Moore Wells
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE